869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stuart K. BARNES and National Association for the
Advancement of Colored People, Plaintiffs-Appellees,
v.
FEDERAL RESERVE BANK OF CLEVELAND, Defendant-Appellant.
 No. 87-3666.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1989.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Defendant Federal Reserve Bank appeals from a judgment for $25,000 compensatory damages, and $175,000 punitive damages, awarded to its former employee, plaintiff Stuart K. Barnes, on his claims of racial discrimination in employment, brought under 42 U.S.C. Sec. 1981. The NAACP withdrew after the district court dismissed the class action portion of the complaint.
 
 
 2
 Plaintiff claimed that throughout his employment he was discriminated against in promotions, job evaluations and reprimands because of his race, and that his termination in May 1986 was motivated both by race and in retaliation for a race discrimination charge he filed with the Equal Employment Opportunity Commission. Defendant claimed that Barnes was terminated for insubordination.
 
 I.
 
 3
 Defendant first contends that the trial court erred in denying its motion for judgment notwithstanding the verdict, or for a new trial on plaintiff's claim that he was placed on probation and ultimately terminated on account of his race. In other words, it is defendant's position that, on this claim, there was no question of fact for the jury to determine since reasonable persons could not differ as to the failure of plaintiff's evidence to show intentional discrimination; or, even if there was enough evidence to send his case to the jury, a verdict for him was so clearly against the weight of the evidence that the trial judge was required to grant defendant a new trial. Toth v. Yoder Co., 749 F.2d 1190 (6th Cir.1984) (discussing the standards applied to both a motion for judgment n.o.v., and a motion for a new trial). Since refusing to grant judgment notwithstanding the verdict turns on a question of law, the district court's decision is freely reviewable on appeal. Chappell v. GTE Prod. Corp., 803 F.2d 261, 265 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987). However, because evidence is weighed in the trial court's disposition of a motion for new trial, it may be reversed only upon an abuse of discretion. Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1573 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 4
 Having carefully considered the record, we conclude that the verdict on this claim survives either standard of review. Plaintiff testified about a number of events where his treatment was disparate from that accorded whites, and his testimony was supported by that of other witnesses. Although defendant's efforts to impeach plaintiff and his witnesses and to present evidence contrary to plaintiff's might have convinced another trier of the facts, a reasonable jury could have found for plaintiff on his evidence, and the weight of that evidence was adequate to permit the trial judge, in his discretion, to deny a new trial to defendant.
 
 II.
 
 5
 Defendant also complains that the trial judge advised the jury he was sending to it plaintiff's claim of retaliatory discharge, and then later failed to instruct on that claim. Defendant's point is that there is insufficient evidence to support a verdict for plaintiff on retaliation, and that the general verdict is therefore tainted since the jury could have found for plaintiff on this claim without any standards to guide it. Normally, of course, the plaintiff will be the party prejudiced by failure of the trial court to instruct the jury on one of his claims. Accordingly, it is not surprising that the defendant-employer did not object to the omission. Nevertheless, it now asserts that failure to instruct on the claim was plain error.
 
 
 6
 Defendant has not demonstrated prejudice from omission of the instruction. Although the trial judge referred to retaliation prior to final arguments, and plaintiff's counsel fleetingly mentioned the term in his argument, the only sensible conclusion that can be drawn from the record is that the retaliation claim was never submitted to the jury; there is not even a remote likelihood that the jury considered it as the basis for arriving at a verdict for plaintiff.
 
 III.
 
 7
 Defendant next contends that it was entitled to judgment notwithstanding the verdict on the issue of punitive damages, since there was no evidence that its actions were motivated by evil or malicious motive or intent, or involved reckless or callous indifference to plaintiff's federally protected rights. We agree.
 
 
 8
 In order to recover punitive damages, plaintiff was required to present evidence of egregious conduct demonstrating that defendant's management acted maliciously, wantonly, or oppressively. See Smith v. Wade, 461 U.S. 30, 56 (1983); Beauford v. Sisters of Mercy--Province of Detroit, Inc., 816 F.2d 1104, 1108-09 (6th Cir.), cert. denied, 108 S.Ct. 259 (1987). Even if one concludes that plaintiff's immediate supervisor acted in such a manner, plaintiff was not terminated by that supervisor; that action was taken by upper management following an investigation conducted at its direction. Plaintiff declined to participate in the investigation by presenting his version of events; nor did he avail himself of an appeal afforded him by defendant. At trial, plaintiff presented no evidence that internal procedures available to him and designed by defendant to afford safeguards to employees from unfair termination, including investigation and appeal, were shams.
 
 IV.
 
 9
 We also agree with defendant's contention that the evidence discovered after trial concerning a possible discrepancy in plaintiff's earnings after his termination would, if true, have a material effect on the computation of compensatory damages. Accordingly, the district court abused its discretion in failing to at least inquire into the truth of the earnings plaintiff claimed on his employment application. Upon remand, the district court should conduct an appropriate evidentiary hearing and, if it determines that there is in fact a material difference between the earnings plaintiff testified to at trial and those he actually earned, grant a new trial on the issue of compensatory damages only. However, should the district court determine that there is not such a difference in earnings, then the order denying a new trial on the basis of newly discovered evidence will stand affirmed. Because the other discrepancies between information plaintiff gave on the application and testimony he gave at trial go only to his credibility as a witness, and may be regarded as cumulative, we affirm the district court's denial of the motion for new trial to the extent that it was based upon that newly discovered evidence being merely cumulative.
 
 V.
 
 10
 The orders of the district court are affirmed in part and reversed in part and this cause is remanded to the district court for further proceedings according to law and consistent with this opinion.